**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No. |
| SAFECO INSURANCE COMPANY OF ILLINOIS, SAFECO INSURANCE COMPANY OF AMERICA, SAFECO CORPORATION, LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL GROUP INC., THE OHIO CASUALTY INSURANCE COMPANY, and OPEN SEAS SOLUTIONS, INC., | JURY DEMAND |
| Defendants. | |

**COMPLAINT**

Plaintiff Progressive Casualty Insurance Company ("Progressive"), by and through its attorneys, for its complaint against Defendants Safeco Insurance Company of Illinois ("Safeco Illinois"), Safeco Insurance Company of America ("Safeco America"), Safeco Corporation, Liberty Mutual Insurance Company, Liberty Mutual Group Inc., The Ohio Casualty Insurance Company, and Open Seas Solutions, Inc. ("Open Seas") (collectively, the "Safeco Defendants"), alleges as follows:

1. This action arises under the Patent Laws of the United States, Title 35 of the Unites States Code (for example, 35 U.S.C. §§ 271, 281, 283, 284, and 285) for infringement of U.S. Patent No. 6,064,970 (the "'970 Patent") (attached as Exhibit A).

## **PARTIES**

2.     Progressive is a corporation organized under the laws of the state of Ohio, with its principal place of business at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

3.     Safeco Illinois is a corporation organized under the laws of the state of Colorado, with its principal place of business at 2800 West Higgins Road, Suite 1100, Hoffman Estates, IL 60195, and, on information and belief, is a wholly-owned subsidiary of Safeco Corporation.

4.     Safeco America is a corporation organized under the laws of the state of Washington, with its principal place of business at Safeco Plaza, 1001 4th Avenue, Seattle, Washington 98185, and, on information and belief, is a wholly-owned subsidiary of Safeco Corporation.

5.     Safeco Corporation is a corporation organized under the laws of the state of Washington, with its principal place of business at Safeco Plaza, 1001 4th Avenue, Seattle, Washington 98185, and, on information and belief, is majority-owned by Liberty Mutual Insurance Company through an indirect corporate relationship.

6.     Liberty Mutual Insurance Company is a corporation organized under the laws of the state of Massachusetts, with its principal place of business at 175 Berkley Street, Boston, Massachusetts 02116, and, on information and belief, is a wholly-owned subsidiary of Liberty Mutual Group, Inc.

7.     Liberty Mutual Group, Inc. is a corporation organized under the laws of the state of Massachusetts, with its principal place of business at 175 Berkley Street, Boston, Massachusetts 02116.

8.     On information and belief, Safeco Illinois, Safeco America, Safeco Corporation, and Liberty Mutual Insurance Company are owned or controlled by or under common control

with Liberty Mutual Group, Inc. and operated collectively under the trade name "Safeco Insurance."

9.  The Ohio Casualty Insurance Company, which operates under the registered trade name "Ohio Casualty," is a corporation organized under the laws of the state of Ohio, with its principal place of business at 136 North Third Street, Hamilton, Ohio, and, on information and belief, is majority-owned by Liberty Mutual Insurance Company through an indirect corporate relationship.

10. Open Seas Solutions, Inc. is a corporation organized under the laws of the state of Washington, with its principal place of business at 1191 2nd Avenue, Suite 600, Seattle, Washington 98101, and, on information and belief, is a subsidiary of Liberty Mutual Group, Inc.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

12. Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

13. On information and belief, the Safeco Defendants individually and/or in concert, and through one or more agents acting under their control and direction, have committed and/or induced acts of infringement in this district, are subject to personal jurisdiction in this district, and therefore reside in this district.

14. On information and belief, one or more of the Safeco Defendants individually and/or in concert, and through one or more agents acting under their control and direction, have registered with the Ohio Department of Insurance and sell insurance within the state of Ohio.

## COUNT I

## Patent Infringement – The Rewind Program

15. Progressive incorporates by reference the allegations set forth in paragraphs 1 through 14 above as though fully asserted herein.

16. Progressive asserts this Count I for patent infringement against Safeco Illinois, Safeco America, Safeco Corporation, Liberty Mutual Insurance Company, and Liberty Mutual Group Inc. (collectively, the "Rewind Defendants").

17. On May 16, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,064,970 (the "'970 Patent") (attached as Exhibit A) for an invention related to the determination of insurance ratings based upon vehicle monitoring. Progressive owns the '970 Patent.

18. On information and belief, one or more of the Rewind Defendants was notified of the '970 Patent prior to the acts of infringement alleged herein and/or continued their acts of infringement after becoming aware of the '970 Patent.

19. On information and belief, Safeco Illinois, individually and/or in concert with the other Rewind Defendants, or through one or more agents under their direction and control, has been and still is operating an incident forgiveness vehicle insurance program in the state of Ohio entitled "Rewind." On information and belief, the Ohio Rewind insurance program is specifically targeted at the citizens of Ohio, including those residing in this district.

20. On information and belief, Safeco America, individually and/or in concert with the other Rewind Defendants, or through one or more agents under their direction and control, has been and still is operating an incident forgiveness vehicle insurance program in the state of Colorado entitled "Rewind."

21. On information and belief, Safeco America, individually and/or in concert with the other Rewind Defendants, or through one or more agents under their direction and control, operates and maintains an Internet website at http://www.rewindprogram.com, which includes details regarding the Ohio and Colorado Rewind programs. The Internet website is accessible to residents of Ohio.

22. On information and belief, additional details regarding the Ohio Rewind program are available in registration documents Safeco Illinois submitted to the Ohio Department of Insurance, copies of which are included as Exhibit B hereto. These documents include copies of pages from the Rewind Internet website.

23. On information and belief, a third party vendor acting on behalf of and under the direction and control of one or more of the Rewind Defendants in connection with the Ohio and Colorado Rewind programs obtains data regarding location, mileage, speed, acceleration, VIN, and date/time from an insured vehicle's onboard computers and GPS via an electronic device plugged into the vehicle's OBD-II port. On information and belief, the Rewind Defendants own the electronic device.

24. On information and belief, the third party vendor, acting on behalf of and under the direction and control of one or more of the Rewind Defendants, calculates a driving safety score based on the obtained data in accordance with a scoring formula created by the Rewind Defendants.

25. Each of the Rewind Defendants is infringing the '970 patent, including through the operation of the Ohio and Colorado Rewind programs, which include each and every feature of the claimed invention. The Rewind Defendants are infringing either directly, through their own actions and/or the actions of one or more third-party vendors acting under their direction

and/or control, or indirectly, through active inducement of the infringing actions with knowledge of or deliberate indifference to the existence and infringement of the '970 Patent.

26. On information and belief, the Rewind Defendants have continued and still continue their infringing activities despite receiving notice of the '970 Patent, and such infringement is willful, entitling Progressive to the recovery of treble damages pursuant to 35 U.S.C. § 284. In addition, this is an exceptional case, justifying an award of attorneys' fees and costs to Progressive pursuant to 35 U.S.C. § 285.

27. The Rewind Defendants' infringement has caused and will continue to cause damage and irreparable harm to Progressive until enjoined by this Court. The amount of the damage and harm has not yet been determined but will be proven at trial.

## COUNT II

### Patent Infringement – The Onboard Advisor Program

28. Progressive incorporates by reference the allegations set forth in paragraphs 1 through 27 above as though fully asserted herein.

29. Progressive asserts this Count II for patent infringement against The Ohio Casualty Insurance Company, Safeco America, Liberty Mutual Insurance Company, Liberty Mutual Group, Inc., and Open Seas Solutions, Inc. (collectively, the "Onboard Advisor Defendants").

30. On information and belief, one or more of the Onboard Advisor Defendants was notified of the '970 Patent prior to the acts of infringement alleged herein and/or continued their acts of infringement after becoming aware of the '970 Patent.

31. On information and belief, The Ohio Casualty Insurance Company, individually and/or in concert with the other Onboard Advisor Defendants, or through one or more agents under their direction and control, has been and still is operating a commercial vehicle insurance program including a feature known as the "Onboard Advisor Insurance Advisor." On information and belief, the Onboard Advisor Insurance Advisor is specifically targeted at the citizens of Ohio, including those residing in this district.

32. On information and belief, Open Seas, individually and/or in concert with the other Onboard Advisor Defendants, or through one or more agents under their direction and control, operates and maintains an Internet website at http://www.onboardadvisor.com, which includes details regarding the Onboard Advisor Insurance Advisor. The Internet website is accessible to residents of Ohio.

33. On information and belief, additional details regarding the Onboard Advisor Insurance Advisor are available in registration documents Safeco America submitted to the Ohio Department of Insurance and the Washington State Office of the Insurance Commissioner, copies of which are included respectively as Exhibits C and D hereto.

34. On information and belief, Open Seas, acting on behalf of and under the direction and control of one or more of the other Onboard Advisor Defendants in connection with the Onboard Advisor Insurance Advisor, obtains data regarding location, mileage, speed, acceleration, and date/time from an insured vehicle's onboard computers and GPS via an electronic device installed in the vehicle.

35. On information and belief, Open Seas, acting on behalf of and under the direction and control of one or more of the other Onboard Advisor Defendants, calculates a driving safety score based on the obtained data.

36. Each of the Onboard Advisor Defendants is infringing the '970 patent, including through the operation of the Onboard Advisor Insurance Advisor, which includes each and every feature of the claimed invention. The Onboard Advisor Defendants are infringing either directly, through their own actions and/or the actions of one or more parties acting under their direction and/or control, or indirectly, through active inducement of the infringing actions with knowledge of or deliberate indifference to the existence and infringement of the '970 Patent.

37. On information and belief, the Onboard Advisor Defendants have continued and still continue their infringing activities despite receiving notice of the '970 Patent, and such infringement is willful, entitling Progressive to the recovery of treble damages pursuant to 35 U.S.C. § 284. In addition, this is an exceptional case, justifying an award of attorneys' fees and costs to Progressive pursuant to 35 U.S.C. § 285.

38. The Onboard Advisor Defendants' infringement has caused and will continue to cause damage and irreparable harm to Progressive until enjoined by this Court. The amount of the damage and harm has not yet been determined but will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Progressive demands the following relief:

A.  a preliminary and permanent injunction against the Safeco Defendants' continued infringement and inducement of infringement of the '970 Patent;

B.  an award of damages in favor of Progressive and against the Safeco Defendants sufficient to compensate Progressive for the Safeco Defendants' infringement of the '970 Patent and an assessment of pre-judgment interest and post-judgment interest;

C.  trebling of damages for willful infringement pursuant to 35 U.S.C. § 284;

D.  a finding by the Court that this case is exceptional under 35 U.S.C. § 285;

E.  an award to Progressive for its reasonable expenses, including attorneys' fees, and costs of this action; and

F.  such other relief as the Court finds just and proper.

## **JURY DEMAND**

Progressive demands a jury trial.

Date: June 17, 2010                                          Respectfully submitted,

By:  /s/  James R. Wooley

James R. Wooley (Ohio Bar No. 0033850)
*jrwooley@jonesday.com*
Calvin P. Griffith (Ohio Bar No. 0039484)
*cpgriffith@jonesday.com*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:   (216) 579-0212

OF COUNSEL:

Laura Beth Miller
*lmiller@usebrinks.com*
Ralph J. Gabric
*rgabric@usebrinks.com*
Charles M. McMahon
*cmcmahon@usebrinks.com*
Jacob C. Bachman
*jbachman@usebrinks.com*
BRINKS, HOFER, GILSON & LIONE
NBC Tower – Suite 3600
455 N. Cityfront Plaza Dr.
Chicago, Illinois  60611
Telephone:  (312) 321-4200
Facsimile:   (312) 321-4299

*Attorneys for Plaintiff*
*Progressive Casualty Insurance Company*