## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Progressive Casualty Insurance Co.,** | ) | **CASE NO. 1:10 CV 1370** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Safeco Insurance Co., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Doc. 32). This is a patent dispute. For the following reasons, defendants' motion is DENIED.

### FACTS

The following facts are taken from the complaint and are presumed to be true, as the Court must in a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Plaintiff, Progressive Casualty Insurance Company, brings this action against defendants,

1

Safeco Insurance Company of Illinois, Safeco Insurance Company of America, Safeco Corporation, Liberty Mutual Insurance Company, Liberty Mutual Group, Inc., The Ohio Casualty Insurance Company, and Open Seas Solutions, Inc. (hereinafter collectively "defendants"), alleging that defendants are infringing plaintiff's patent, U.S. Patent No. 6,064,970 (hereinafter "patent").

Plaintiff's patent claims an invention related to determining insurance ratings based upon vehicle monitoring. The patent contains 15 claims. Claims one through six are representative of the invention for purposes of the present motion:

> 1. A method of generating a database comprising data elements representative of operator or vehicle driving characteristics, the method comprising:
>     monitoring a plurality of the data elements representative of an operating state of a vehicle or an action of the operator during a selected time period; and
>     recording selected ones of the plurality of data elements into the database when said ones are determined to be appropriate for recording relative to determining a cost of insurance for the vehicle during the selected time period, said ones including, a time and location of vehicle operating and a corresponding log of vehicle speed for the time and location.
>
> 2. A database comprising data elements representative of operator or vehicle driving characteristics for a selected time period including a time and location of vehicle operation and a corresponding log of vehicle speed for the time and location, the database then being used to determine an insurance charge for the vehicle operation for said selected time period.
>
> 3. The database as defined in claim 2 wherein the data elements comprise raw data elements, derived data elements and calculated data elements.
>
> 4. A method of insuring a vehicle operator for a selected period based upon operator driving characteristics during the period, comprising, steps of:

        generating an initial operator profile;
        monitoring operator driving characteristics during the selected period; and
        deciding a cost of vehicle insurance for the period based upon the operating characteristics monitored in that period.

5.  A method of determining a cost of vehicle insurance for a selected period based upon monitoring, recording and communicating data representative of operator and vehicle driving characteristics during said period, whereby the cost is adjustable by relating the driving characteristics to pre-determined safety standards, the method comprising:
        determining an initial insured profile and a base cost of vehicle insurance based on said insured profile;
        monitoring a plurality of data elements representative of an operating state of a vehicle or an action of the operator during the selected period;
        recording selected ones of the plurality of data elements when said ones are determined to have a preselected relationship to the safety standards;
        consolidating said selected ones for identifying a surcharge or discount to be applied to the base cost; and,
        producing a final cost of vehicle insurance for the selected period from the base cost and the surcharge or discount.

6.  A method of monitoring a human controlled power source driven vehicle, the method comprising:
        extracting one or more data elements from at least one sensor wherein the one or more elements are of at least one operating state of the vehicle and the at least one human's actions during a data collection period;
        analyzing, grouping, and storing the one or more data elements as group data values in a first memory related to a predetermined group of elements; and,
        correlating the group data values to preset values in a second memory and generating an output data value based on the correlation wherein the output data value is used to compute an insurance rating for the vehicle FOR the data collection period.

Plaintiff alleges that defendants Safeco Illinois, Safeco America, Safeco Corporation,

Liberty Mutual Insurance Company, and Liberty Mutual Group, Inc. (hereinafter collectively "Rewind defendants") are operating an incident forgiveness vehicle insurance program in Ohio and Colorado called "Rewind." Plaintiff further alleges that defendants The Ohio Casualty Insurance Company, Safeco America, Liberty Mutual Insurance Company, Liberty Mutual Group, Inc., and Open Seas Solutions, Inc. (hereinafter collectively "Onboard Advisor defendants") are operating a program in Ohio that includes a feature called the "Onboard Advisor Insurance Advisor." In connection with these programs, a third party vendor (on behalf of the Rewind defendants) or Open Seas (on behalf of the Onboard Advisor defendants) obtains the following information from an insured vehicle's onboard computers and GPS: location, mileage, speed, acceleration, vehicle identification number, date, and time. The defendants obtain this information through an electronic device that either plugs into the vehicle's onboard diagnostic port (for the Rewind program) or is installed in the vehicle (for the Onboard Advisor program). A driving safety score is then calculated using the obtained data. Plaintiff alleges that these programs include each and every feature of the claimed invention. Plaintiff also alleges that defendants were either made aware of the patent prior to the infringement and/or continued to infringe the patent after being made aware of it.

The complaint contains two claims for relief. Count one is a claim for patent infringement against the Rewind defendants. Count two is a claim for patent infringement against the Onboard Advisor defendants.

Defendants have moved to dismiss the complaint, arguing that it fails to state a claim upon which relief may be granted. Plaintiff opposes the motion.

**STANDARD OF REVIEW**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir. 1997)). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915, at *3 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

### ANALYSIS

By statute, a patent is presumed to be valid, and each claim of a patent is presumed to be valid independently of the validity of the other claims. 35 U.S.C. § 282. A party challenging the validity of a patent has the burden to show by clear and convincing evidence that the patent is invalid. *Impax Labs, Inc. v. Aventis Pharms. Inc.,* 545 F.3d 1312, 1314 (Fed. Cir. 2008).

Defendants base their motion on the theory that plaintiff's complaint fails to state a claim upon which relief may be granted because the claims of the patent constitute patent-ineligible

subject matter and the patent is therefore invalid. Defendants argue that patent validity issues, like those presented here, are appropriately decided on a 12(b)(6) motion to dismiss, as plaintiff cannot point to any construction that would save the patent.

Plaintiff argues that granting defendants' motion would be premature, as patents are presumed to be valid and the parties have not had the opportunity to develop the record, including the prosecution history. Plaintiff also points out that the parties dispute the meaning of certain claim terms and claim construction is inappropriate on a 12(b)(6) motion.

Defendants reply that the presumption of validity does not apply in this case. In support, defendants argue that the presumption applies not to issues of law like patent eligibility, but only to issues of fact, and plaintiff has not identified any issues of fact the Court must resolve to rule on the motion, thus the Court need not wait to decide the motion. Defendants also argue that any necessary claim construction is a matter of law for the Court, and that full claim construction is not required to find a patent invalid.

Upon review, the Court finds that dismissing the complaint on the grounds that it fails to state a claim upon which relief may be granted because the subject matter is patent-ineligible would be premature under the circumstances of this case. The patent is presumed to be valid. At this time the Court is without the benefit of the prosecution history and the parties' arguments on claim construction.[1] The record that the Court may consider on a 12(b)(6) motion– the

---

[1] Defendants complain in their reply that plaintiff does not provide any arguments on claim construction nor does it cite to the prosecution history (Reply Br. at 4, 5), but it would be inappropriate for the Court to consider claim construction or matters outside the pleadings such as the prosecution history on a 12(b)(6) motion. *See Deston Therapeutics, LLC v. Trigen Labs. Inc.,* No. 09-809, 2010 WL 2773317, at *3-4 (D. Del. July 12,

complaint and the attached patent– is insufficient for the Court to construe the patent claims contrary to plaintiff's allegations of infringement and rule that it is invalid.

Defendants cite only one case in support of their argument that finding a patent to be invalid is proper on a 12(b)(6) motion: *Ultramercial, LLC v. Hulu, LLC,* No. CV 09-06918, 2010 WL 3360098 (C.D. Cal. Aug. 13, 2010). *Ultramercial* did not discuss the procedural posture of the case or the presumption of validity and a patent challenger's burden to prove invalidity by clear and convincing evidence, noting only that the court was rejecting "[p]laintiff's argument that this motion should not be decided before claim construction" because "[t]he patent terms are clear and [p]laintiff has not brought to the Court's attention any reasonable construction that would bring the patent within patentable subject matter." *Id.* at *6. Without such analysis, the Court finds that *Ultramercial* does not support defendants' argument that finding the patent to be invalid at such an early stage in the litigation is appropriate.

Defendants argue that the presumption of validity does not apply to this case, as the presumption of validity applies only to issues of fact, and plaintiff has not identified any issues of fact that the Court must resolve prior to granting the motion. (Reply Br. at 3 and 7 n.9.) The Court rejects defendants' argument. The patent is presumed to be valid by statute, which means that a party who challenges the validity of a patent must *always* prove that the patent is invalid by clear and convincing evidence. *Pfizer, Inc. v. Apotex, Inc.,* 480 F.3d 1348, 1359-60 (Fed. Cir.

> 2010) ("The fact that the parties in this case have obeyed the procedural rules constraining Rule 12(b)(6) motions does not mean that the record is sufficiently complete to warrant construing the patent claim contrary to Plaintiffs' allegations of infringement. The Court will follow this lengthy line of cases and conclude that claim construction is not appropriate upon the present record of this Rule 12(b)(6) motion.")

7

2007) ("'The presumption [of validity] remains intact and [the burden of proof remains] on the challenger throughout the litigation, and the clear and convincing standard does not change.'" (quoting *Hybridtech Inc. v. Monoclonal Antibodies, Inc.,* 802 F.2d 1367, 1375 (Fed. Cir. 1986)). The Federal Circuit has further stated with regard to the challenger's burden:

> It is true that once a challenger has presented a prima facie case of invalidity, the patentee has the burden of going forward with rebuttal evidence. But, all that means is that even though a patentee must never submit evidence to support a conclusion by a judge or jury that a patent remains valid, once a challenger introduces evidence that might lead to a conclusion of invalidity– what we call a prima facie case– the patentee would be well advised to introduce evidence sufficient to rebut that of the challenger. However, this requirement does not in substance shift the burden of persuasion, because the presumption of validity remains intact and the ultimate burden of proving invalidity remains with the challenger throughout the litigation. The trial court has the responsibility to determine whether the challenger has met its burden by clear and convincing evidence by considering the totality of the evidence, including any rebuttal evidence presented by the patentee. . . . It does not, however, lessen or otherwise affect the burden of proof, nor does it require that unless the patentee introduces [other evidence], the patent challenger will necessarily prevail.

*Id.* at 1360 (internal quotations and citations omitted). Accordingly, plaintiff is not required to point to any specific facts to trigger the presumption of validity. Even the cases defendants cite in support of their assertion that validity is an issue of law hold that a patent challenger must prove invalidity by clear and convincing evidence. *See id.; Iron Grip Barbell Co., Inc. v. USA Sports, Inc.,* 392 F.3d 1317, 1323 (Fed. Cir. 2004) ("On the legal issue of obviousness (as opposed to the underlying factual issues) the grant of a patent does not create a presumption of validity *beyond the requirement that the party seeking to invalidate a patent must prove*

*invalidity by clear and convincing evidence."* (emphasis added)).[2]

The Court also rejects defendants' arguments that claim construction is unnecessary prior to granting a 12(b)(6) motion based on invalidity. While defendants argue that "courts regularly find patents invalid without full claim construction," the cases to which defendants cite show records that are more developed than what the Court may consider on a 12(b)(6) motion, and include claim construction briefs. For example, in *Graff/Ross Holdings LLP v. Federal Home Loan Mortgage Corp.,* No. 07-796, slip op. (D. D.C. Aug. 27, 2010), the magistrate judge rejected the defendant's argument that a 12(b)(6) motion to dismiss based on the issue of validity was proper, and instead found that "[a]lleging that a patent is invalid under Section 101 is a 'defense' to the claim of infringement and is more appropriately disposed of on a motion for summary judgment." The magistrate went on to construe the 12(b)(6) motion as one for summary judgment, noting with reference to the parties' claim construction briefs that the parties disputed the meaning of two terms within the claims. While the magistrate judge ultimately decided that the claims did not need construing prior to resolving the motion, the magistrate judge had the benefit of knowing which terms were disputed prior to reaching his decision.

Similarly, in *Cybersource Corp. v. Retail Decisions, Inc.,* 620 F. Supp. 2d 1068, 1073 (N.D. Cal. March 27, 2009), the defendant moved for summary judgment, and the parties had already submitted a joint claim construction brief. The court acknowledged that although claim construction was an important first step in a § 101 analysis, the court did not need to construe the claims for the purposes of the motion and used the construction proposed by the plaintiff. The

---

[2] Defendants also cite to *In re Comiskey,* 554 F.3d 967, 975 (Fed. Cir. 2009), but the presumption of validity never attached in that case because it was a patent application at issue, not a patent.

court in *FuzzySharp Technologies, Inc. v. 3D Labs, Inc., Ltd.,* No. C-07-5948, 2009 WL 4899215, *2 n.1 (N.D. Cal. Dec. 11, 2009) also found that it was unnecessary to have a claim construction hearing prior to deciding a summary judgment motion, even though the parties had already briefed claim construction, holding instead that it would construe the terms in the manner set forth by the plaintiff, if necessary.

In this case, plaintiff and defendants have not yet had the opportunity to even propose terms for claim construction, nor can the Court consider the prosecution history. *See Impax Labs,* 545 F.3d at 1314 (noting that patent challenger's burden to prove invalidity by clear and convincing evidence is especially heavy when the patent examiner considered the asserted basis for invalidity during patent prosecution (citing *Hewlett-Packard Co. v. Bausch & Lomb Inc.,* 909 F.2d 1464, 1467 (Fed. Cir. 1990)). Because the record is inadequate, the Court will not address defendants' specific arguments as to whether the patent meets the machine-or-transformation test or claims an abstract idea. Accordingly, defendants' motion to dismiss is denied.

**CONCLUSION**

For the foregoing reasons, defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted is DENIED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/12/10